Parker C. J.
drew up the opinion of the Court. What estate did Joseph Pousland take under the will of his father, William Pousland ?
The legal estate was very clearly devised to Lamson in trust; Joseph became cestui que trust for his life only. There was then created by the will a contingent remainder in. those who should be the legal heirs of Joseph at the time of his death. The phrase, “ after his decease the same to descend to his legal heirs,” has reference to the estate itself, for the trust was not to continue longer than the life of Joseph. It is therefore a trust estate in Lamson, during the life of Joseph, with a remainder after his decease to those who should be then his heirs.
This is the construction of the devise without recurring to the statute of 1791, c. 61, § 3.
But even if this were to be construed a fee simple in Joseph according to the rule in Shelley’s case, there seems to be no reason why the above-mentioned statute does not apply to it. It is said that the statute has relation only to legal estates, and this being an equitable interest only, devised to Joseph for life, and at his death to his legal heirs, by virtue of that rule it became an equitable fee simple and so was devisable by him. No authority is cited by which a distinction is established between legal and equitable estates, and there seems to be no' good reason for such a distinction. It is mere matter of construction founded on the supposed intent of the testator. This construction is settled by Shelley,s case one way, and by our statute another. In the case of Newhall v. Wheeler, 7 Mass. R. 189, it is true, a devise in trust for Hunt during his life and then to his heirs, was held to create an equitable fee simple in Hunt, which he could devise. The operation of the statute does not seem to have been considered by the Court, but there is a strong distinction between that case and this. In that, the land is devised to the selectmen to the use of Hunt during his life, and after his decease, if any of the premises should remain, to Hunt’s heirs forever. In the case before us the devise to Lamson is in strict trust, the income tr be paid *141 over to the cestui que trust during his natural life, and at his death the same, that is, the estate, is to descend to his legal heirs. There was nothing vested in Joseph Pousland but the right to the income and profits of the real estate, and the interest of the personal, with a right to such of the capital as the trustee should deem necessary.[1]
In regard to the accounts rendered by the defendant, of his disbursements out of this fund, it is proper matter for inquiry in the probate office, where the accounts have been settled and allowed. That settlement cannot be overhauled in this action on the probate bond, as the party, for whose benefit this suit is brought, had notice and was present at the settlement of the last account.

Defendant defaulted.

 See Venables v Morris, 7 T. R. 342,438; 3 Bro. Parl. Cas 113; 4 Cruise’s Dig. 260, 261.